IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| Cedric Jones, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:19-cv-2510 |
| | ) |
| Eagle Distributing of Memphis, LLC, | ) |
| | ) |
| Defendant. | ) |

**VERIFIED COMPLAINT
FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

COMES NOW Plaintiff Cedric Jones (hereinafter, "Mr. Jones"), by and through counsel, and for his Complaint against Defendant Eagle Distributing of Memphis, LLC (hereinafter, "Eagle Distributing"), states and alleges as follows:

### NATURE OF THE COMPLAINT

1. Mr. Jones brings this action under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2. Mr. Jones brings this action against Eagle Distributing for unpaid compensation, both straight time and overtime, and related penalties and damages, resulting from Eagle Distributing's willful false recording of a portion of his working hours as "off-the-clock."

3. Eagle Distributing's practices were and are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

4. For said violations, Mr. Jones seeks declaratory relief; compensation for work hours for which he was unpaid, including overtime premiums for all hours worked over forty hours in a work week;

1

liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

5. Mr. Jones is an adult resident of Shelby County, Tennessee.

6. Defendant Eagle Distributing of Memphis, LLC, is a Limited Liability Company formed and organized under the laws of the state of Tennessee., and may be reached for service through its registered agent, Mr. Raymond Hand, 310 Radford PL, Knoxville, TN 37917.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

8. This Court has personal jurisdiction over Eagle Distributing because Eagle Distributing conducts business in Memphis, Shelby County, Tennessee, in this Judicial District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Mr. Jones's claims occurred in this District.

## FACTUAL BACKGROUND

10. Mr. Jones was hired by Eagle Distributing in April 2015, and is currently employed there.

11. Mr. Jones's job duties include changing and draining air lines, plumbing, electrical work, building and grounds maintenance, and vehicle maintenance and registration.

12. Eagle Distributing pays Mr. Jones an hourly rate of $16.50 per hour.

13. Mr. Jones typically works 10 or more overtime hours per week.

14. Mr. Jones is not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA.

15. Eagle Distributing has the power to hire and fire Mr. Jones.

16. Eagle Distributing controlled the number of hours Mr. Jones worked, as well as the rate and method of his payment.

17. In or around February 2018, Mr. Jones spoke first with Yvonne Blackman in Human Resources and subsequently with warehouse manager Eric Woods ("Woods") and assistant manager Sammie Akil ("Akil") about several hours of meal breaks that had been deducted from his pay without his knowledge.

18. He explained that because the nature of his job, providing services for both the warehouse and for fleet management, he consistently eats while he works, and rarely takes a bona fide meal break where he is completely relieved of all duties during his break.

19. Akil made light of the effective docking of Mr. Jones's pay and made no offer to correct the error.

20. Mr. Jones's following paycheck, however, did not reflect any similar erroneous entry of meal breaks and for some time the practice ceased

21. Mr. Jones did not pursue the matter further, in light of his managers' apparent indifference regarding the error.

22. In December 2018, shortly after Akil took over as warehouse manager for Woods, Mr. Jones began seeing meal breaks being deducted from his paycheck again.

23. For a few days in late November 2018, a half-hour break was deducted although Mr. Jones had not taken any such break.

24. Starting on December 3, 2018 and continuing to the present, a one hour break has consistently been entered and deducted daily from Mr. Jones's paycheck even though Mr. Jones has continued, with management's knowledge, to work without a meal break.

25. This has resulted in Mr. Jones working off the clock on a daily basis.

26. Mr. Jones engaged in protected activity when he reported these issues to Human Resources

and to his managers.

27. Eagle Distributing knows that Mr. Jones is actually working through his lunch break.

28. Despite this knowledge, Eagle Distributing willfully reduces Mr. Jones's hours worked on his timecards on a continuing basis.

29. Therefore, Eagle Distributing is and has been willfully failing to pay Mr. Jones for all hours worked.

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

30. Mr. Jones realleges and incorporates all allegations above as if actually set forth herein.

31. At all relevant times, Eagle Distributing has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

32. At all relevant times, Eagle Distributing has employed and/or continues to employ Mr. Jones.

33. At all relevant times, Eagle Distributing has had gross annual operating revenues in excess of Five Hundred Thousand Dollars and 00/100 cents ($500,000.00).

34. The FLSA requires each covered employer, such as Eagle Distributing, to compensate all non-exempt employees for all hours worked at an hourly rate of not less than minimum wage and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

35. Under 29 C.F.R. § 785.19, while bona fide meal periods are not considered worktime, the employee must be completely relieved from duty for the purposes of eating regular meals, and the employee is not relieved if he is required to perform any duties, whether active or inactive, while eating.

36. Eagle Distributing willfully changed Mr. Jones' time records when Eagle purposefully deducted hours from Mr. Jones's daily time card when he had actually worked during the period.

37. When Eagle Distributing changed Mr. Jones' time records and inserted a meal break into Mr. Jones's time records, Eagle Distributing decreased the number of work hours for which Mr. Jones was credited in its payroll system.

38. Therefore, when Eagle Distributing paid Mr. Jones based on his altered time records, it willfully failed to pay Mr. Jones for all hours worked.

39. Further, when Eagle Distributing paid Mr. Jones based on his altered time records, it willfully failed to pay Mr. Jones an overtime premium in accordance with the law, to the extent that the number of his hours worked exceeded forty.

40. As a result of Eagle Distributing's failure to compensate Mr. Jones for all hours worked and its failure to compensate him at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Eagle Distributing has violated, and continues to violate, the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

41. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

42. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Jones prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

5

2. Pre-judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, front pay, back pay, and compensatory damages and penalties in an amount to be determined at trial;

4. An award of money to Mr. Jones for costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Dated: August 6, 2019

Respectfully submitted,

s/Philip Oliphant
Alan G. Crone, TN Bar No. 014285
Philip Oliphant, TN Bar No. 25990
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
(901) 737.7740 (voice)
(901) 474.7926 (fax)
acrone@cronelawfirmplc.com
poliphant@cronelawfirmplc.com
*Attorney for Plaintiff*

## DECLARATION AND VERIFICATION

I, **Cedric Jones**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

_____
**Cedric Jones**

Date: 8-6-19